IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL LEE HANSON,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA METZGER, et al.,<br><br>Defendants. | CV-10-05-GF-SEH-RKS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT** |

Before the Court are Plaintiff Mr. Michael Hanson's Amended Motion to Proceed In Forma Pauperis and lodged Complaint. C.D. 9, 2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The case is assigned to the Honorable Sam E. Haddon, but has been delegated to the undersigned by operation of Local Rule 73.1(a) for pretrial purposes.

I. **Plaintiff's Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing the inability to pay. Mr. Hanson filed such an affidavit (C.D. 9-2) and has made the showing required by 28 U.S.C. § 1915(a). His motion to proceed in forma pauperis will be granted.

## II. Plaintiff's Complaint

### A. Prescreening Standard

Because Mr. Hanson is proceeding in forma pauperis, the Court has a duty to screen his complaint. 28 U.S.C. § 1915(e)(2). The complaint shall be dismissed at any time if the Court determines: the allegation of poverty is untrue; or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. The Court may grant or deny leave to amend to cure the defects of Plaintiff's complaint. Lopez v. Smith, 203 F.3d 1122, 1127. Pro se plaintiffs should be granted leave to amend "if appears at all possible that the plaintiff can correct the defect." Id. at 1130 (internal quotations omitted).

"[A] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, ___, 127 S.Ct. 2197, 2200 (2007). A complaint fails to state a claim when the plaintiff fails to allege the grounds of his entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964-65 (2007). A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200. Rule 8(a)(2) of the Federal Rules of Civil

Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 1949. (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; *Cf*. Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

B.     The Parties

Mr. Hanson purports to represent a Jane Doe. As Mr. Hanson appears as a pro se non-attorney litigant, he cannot represent others. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Cato v. United States, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1990). Therefore, he will be allowed to proceed only for himself in this matter and the purported claims for others must be dismissed.  Mr. Hanson names as Defendants Linda Metzger, on behalf of the West McGiver Concerned Citizens; Robert James of the Great Falls Humane Society; Rick Sheer and Joe Briggs and the Cascade County Commissioners; Kim Skorgowski and the Great Falls Tribune; Dave Paulie of the Human Society; Linlee VanWicklin, Animal

Control Officer; and John and Sue Doe.

### C. Analysis

Mr. Hanson attempts to allege numerous claims: a RICO claim; First Amendment, Due Process, and Equal Protection claims; a Fair Debt Collection Practices Act claim; a Clayton Antitrust Claim; a Commerce Clause claim; and numerous State law claims. He seeks monetary and injunctive relief. Even given a liberal reading, Mr. Hanson's Complaint fails to allege any facts that could give rise to a cognizable claim.

### 1. RICO

Mr. Hanson has not pleaded the elements of a RICO claim. He must allege 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity ("predicate acts"), that 5) caused injury to his business or property. Living Designs, Inc. v. DuPont and Co., 431 F.3d 535, 362 (9th Cir. 2005). His allegations are conclusory. He does not link the conduct of any individual, aside from Defendant Metzger, to any act, predicate or otherwise. He does not allege any pattern, other than the conclusory allegations of "terrorist activities." He simply lists predicate acts from the RICO statute, without the slightest attempt to meet elements of the predicate act. C.D. 2 at 6-12. As only one example, he lists Use of Interstate Transport in Murder-for-Hire, 18 U.S.C. § 1958, which involves the use

of interstate commerce with the intent that murder of a human being be committed, but discusses the loss of his dogs. C.D. 2 at 12.

In sum, there are no well-plead allegations of fact to support any claim Mr. Hanson makes. Mr. Hanson's claim is not plausible. Iqbal, 129 S.Ct. at 1949-1950. He has alleged absolutely nothing that would satisfy the elements of a RICO claim and therefore this claim should be dismissed.

### 2. Other Federal Claims

Regarding Mr. Hanson's other purported federal claims, the few facts alleged and his conclusory allegations appear to be an attempt to litigate, yet again, several state court judgments (only with different defendants), and a prior judgment on the merits of this Court, which is currently on appeal. See CV-08-53-GF-SEH-RKS. The claims related to the state court judgments are barred by the Rooker-Feldman Doctrine, as previously discussed at length. See CV-08-53-GF-SEH-RKS, documents 65, 78, 82, 85. Those claims are repetitive of previously litigated claims and are therefore frivolous, and should be dismissed as such. See Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) and Denton v. Hernandez, 504 U.S. 25, 30 (1992).

Mr. Hanson's other claims are barred by res judicata. Taylor v. Sturgell, 128

S.Ct. 2161, 2171 (2008); New Hampshire v. Maine, 532 U.S. 742, 748-749 (2001). Further, Mr. Hanson has not even attempted to allege facts which would state claims, but rather he simply lists numerous legal concepts. For example, he says he has the right to free speech, but a First Amendment claim must involve some type of expression, which the government (not individuals) attempts to regulate. See eg. Texas v. Johnson, 491 U.S. 397, 403 (1989). Additionally, in no possible way could Mr. Hanson state a Fair Debt Collection Practices Act claim, a Clayton Act claim, or a Commerce Clause Claim (whatever that might be) against any named Defendant. See 15 U.S.C. § 1692, et. seq.; 15 U.S.C. § 12, et. seq.; City of Los Angeles v. County of Kern, 581 F.3d 841 (9th Cir. 2009)("the chief purpose underlying the [Commerce] Clause is to limit the power of States to erect barriers against interstate trade.") . These claims should be dismissed for failure to state a claim.

### 3. Remaining State Law Claims

The Court should not exercise supplemental jurisdiction over Mr. Hanson's state law claims as all the potential federal claims have been recommended for dismissal. 28 U.S.C. § 1367(c)(3) ; Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) citing San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998). This discretionary decision is particularly appropriate here, where

Mr. Hanson's claim have been previously litigated in State court.

### D. Conclusion

Mr. Hanson has failed to state any claims upon which relief may be granted. Leave to amend is discretionary with the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Mr. Hanson's purported claims should be dismissed with prejudice. Mr. Hanson has a history before this court, and the courts of the State of Montana. He filed a previous case in this Court, which was decided on the merits. CV-08-53-GF-SEH-RKS. It appears that the present case is a thinly-veiled attempt, under cover of conclusory references to RICO and other federal laws, to again relitigate claims and issues which were previously decided, both in this Court and State court. Mr. Hanson's filings containing irresponsible allegations which are unsupported in fact or law. His claims should be dismissed with prejudice.

## III. Certification Regarding Appeal

The Court should certify that any appeal is this matter would not be taken in good faith. See Fed.R.App.P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith when it is frivolous. Coppedge v. U.S., 369 U.S. 438, 445 (1962) (a litigant demonstrates good faith by appealing issues that are not frivolous). Frivolous means that no legal point is arguable on the merits. Neitzke

v. Williams, 490 U.S. 319, 325 (1989).  In Mr. Hanson's case, no legal point is arguable on the merits, and any appeal in this matter is frivolous.  The lack of any legal or factual support whatsoever for Mr. Hanson's claims is so apparent that no reasonable person could suppose an appeal would have merit.  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1.  Mr. Hanson's Amended Motion for Leave to Proceed In Forma Pauperis (C.D. 9) is **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee;

2.  The Clerk of Court shall edit the docket entry for the Complaint (C.D. 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on January 19, 2010;

3.  At all times during the pendency of this action, Mr. Hanson SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).

It is further **RECOMMENDED** that:

1. Plaintiff Jane Doe should be **DISMISSED** from this case;

2. Mr. Hanson's federal claims should be **DISMISSED** with prejudice for the reasons stated above;

3. The Court should decline to exercise supplemental jurisdiction over Mr. Hanson's State law claims;

4. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

5. The Court should certify that any appeal taken in this matter would not be in good faith, and have the docket so reflect.


### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 17th day of February, 2010.

                                         /s/ Keith Strong
                                         Keith Strong
                                         United States Magistrate Judge