IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL LEE HANSON,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA METZGER, et al.,<br><br>Defendants. | CV-10-05-GF-SEH-RKS<br><br>**ORDER GRANTING MOTION TO AMEND AND FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED COMPLAINT** |

Before the Court is Plaintiff Mr. Michael Hanson's Motion to Amend Complaint. (C.D. 13.)  This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The case is assigned to the Honorable Sam E. Haddon, but has been delegated to the undersigned by operation of Local Rule 73.1(a) for pretrial purposes.

## I.    Motion to Amend

Mr. Hanson seeks to amend his Complaint to add claims for breach of

contract, breach of statutory and fiduciary duty, and minority shareholder oppression.  Generally, amendments should be freely granted.  Fed. R. Civ. P. 15.  Mr. Hanson's Motion to Amend is therefore granted.  No hearing is required.

The record reflects that one lawsuit Mr. Hanson filed was dismissed after amendment for lack of jurisdiction.  See CV-08-53-GF-RKS.  Mr. Hanson has filed a notice of appeal in that matter.  Mr. Hanson then filed this lawsuit with essentially the same facts alleged but listing a catalog of purported federal claims.  The claims are baseless.  They have been recommended for dismissal.  (C.D. 11.)  This current motion seeks to add other claims, in this instance state-law claims which are even less plausible than the original claims.

Because these new claims fail as a matter of law, they should be dismissed.  First, on the face of the motion, Mr. Hanson has not made any factual allegations regarding these claims, but makes only conclusory statements.  He indicates that no factual allegations are required, simply "notice pleading."  (C.D. 13.)  The Court is required not to credit conclusory allegations or elemental pleadings without factual support.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Second, assuming Mr. Hanson's pleading entitled "Response to Granting to Proceed In Forma Pauperis and Reply to Findings and Recommendations to Dismiss Complaint" (C.D. 12, with attachments A-N) is actually intended to support this amendment, there is no

possible way Mr. Hanson can state claims for breach of contract, breach of statutory and fiduciary duty, and minority shareholder oppression against any named Defendant.  These claims are not plausible, <u>id</u>., and should be dismissed.

Mr. Hanson continues to file irresponsible pleadings, listing causes of action that are simply unsupported in law or fact.  No further amendments in this matter should be permitted as they would be futile.  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

## II.    Certification Regarding Appeal

The Court should certify that any appeal is this matter would not be taken in good faith.  <u>See</u> Fed.R.App.P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3).  An appeal is not taken in good faith when it is frivolous.  <u>Coppedge v. U.S.</u>, 369 U.S. 438, 445 (1962) (a litigant demonstrates good faith by appealing issues that are not frivolous).  Frivolous means that no legal point is arguable on the merits.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   In Mr. Hanson's case, no legal point is arguable on the merits, and any appeal in this matter is frivolous.  The lack of any legal or factual support whatsoever for Mr. Hanson's claims is so apparent that no reasonable person could suppose an appeal would have merit.  <u>Walker v. O'Brien</u>, 216 F.3d 626, 631 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1.  Mr. Hanson's Motion to Amend Complaint (C.D. 13) is  **GRANTED**. His Complaint is amended to include claims for breach of contract, breach of statutory and fiduciary duty, and minority shareholder oppression.

It is further **RECOMMENDED** that:

1.  Mr. Hanson's new claims should be **DISMISSED** with prejudice for the reasons stated above;

2.  No further amendments should be allowed in this case;

2.  The Court should certify that any appeal taken in this matter would not be in good faith, and have the docket so reflect.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 11th day of March, 2010.


                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge